UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL TRELOAR, ADMINISTRATRIX OF THE ESTATE OF KENNETH TRELOAR : <br> : <br> : CIVIL ACTION NO: 3:02cv2187 (WWE) <br> V. : <br> : <br> EUCLID-HITACHI HEAVY EQUIPMENT, : <br> INC. : JANUARY 16, 2004 | |

### OBJECTION TO MOTION FOR ENLARGMENT OF TIME

The defendant, Euclid-Hitachi Heavy Equipment, Inc, ("Euclid"), hereby objects to the plaintiff's motion for enlargement of time of the deadline to disclose its experts dated January 9, 2004. The plaintiff's deadline to disclose its experts was September 30, 2003 and thus, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, there must be a demonstration of "excusable neglect". Further, pursuant to Rule 7(b)(2) of the Local Rule of Civil Procedure any such motion for extension of time will not be granted except for "good cause". The motion should be denied because the plaintiff has failed to demonstrate that there is any "excusable neglect" and there is no "good cause" as is required.

The plaintiff cites as the sole reason for its motion that the expert it disclosed, and who was deposed by Euclid on October 23, 2003, did not provide the testimony that was anticipated. However, the assertion of the plaintiff is not that its expert testified inconsistently with his expert report; in fact, the deposition testimony of the expert was entirely consistent with the report. Accordingly, it is unclear how there could have been anticipation of any testimony other than that which was given. The opinions of plaintiff's expert were presumably known when it retained

and discussed the case with the expert, and were certainly well known when the expert disclosure and report was made pursuant to Fed. R. Civ. P. 26(a)(2)(B) on September 30, 2003.[1] To state that after testimony was given the expert did not testify as anticipated is simply not excusable neglect or even good cause.

Even if a failure of an expert to offer favorable deposition testimony were a valid excuse, the motion for enlargement has been made nearly two and a half months after that deposition and well beyond the deadline for expert disclosure. Furthermore, the plaintiff has failed to mention that this is the fourth motion for extension of time with respect to the disclosure of its experts as is required by Local Rule of Civil Procedure 7(b)(3).[2]

If the plaintiff were now allowed to retain additional experts to advance new theories, it would no doubt prejudice Euclid and further delay this matter. Euclid would have to depose the plaintiff's additional experts and most likely retain its own additional experts to rebut any new theories that were promulgated. If the plaintiff had timely disclosed the proper experts before Euclid had disclosed its expert, as was and should be the order, Euclid could perhaps have retained one comprehensive expert and avoided the potential expense of multiple experts. This continued back and forth approach is not how discovery is supposed to work, and is not in accordance with the sequence for disclosure of experts agreed to by the parties in the Rule 26(f) planning report and as ordered by the Court under Rule 26(a)(2)(C).

---

[1] Plaintiff disclosed its expert on July 18, 2003, but the disclosure was in the form of a Connecticut state court expert disclosure and woefully inadequate under Fed. R. Civ. P. 26(a)(2)(B). Counsel for Euclid contacted plaintiff's counsel, informed him of the problem and allowed plaintiff's counsel additional time to make a proper disclosure under the Federal Rules.

[2] Euclid has consented to or joined in all of the previous motions for extension of time.

- 3 -

There is no excusable neglect or good cause to extend the deadline over five months past the last ordered deadline, which would be the fifth such extension.

WHEREFORE, Euclid respectfully requests that the Court deny the plaintiff's motion for enlargement of time and/or award it relief as the Court deems just and appropriate.

DEFENDANT
EUCLID-HITACHI HEAVY EQUIPMENT, INC.

By _____
Brien P. Horan (ct06870)
Jason M. Kuselias (ct 20293)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Email: bhoran@rc.com
Email: jkuselias@rc.com
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

- 4 -

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the 16th day of January, 2004, to:

Michael E. Burt, Esq.
Albert Carocci, Esq.
Walsh, Burt, Walsh & Carocci
169 Olive Street
New Haven, CT  06511

Carl R. Ficks, Jr.
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT  06103

　　　　　　　　　　　　　　　　　　／s／ Jason M. Kuselias
　　　　　　　　　　　　　　　　　　Jason M. Kuselias